**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**JOSEPH TUCKER**                                                                               **PLAINTIFF**

**V.**                                                                   **NO. 1:18-CV-29-DMB-DAS**

**ROBERT PANNELL, et al.**                                                      **DEFENDANTS**

## ORDER REMANDING CASE

On August 1, 2017, Joseph Tucker filed a complaint in the Circuit Court of Lee County, Mississippi, against Robert Pannell and All Metals Transportation & Logistical Services, Inc. Doc. #2. In his complaint, Tucker asserts claims for negligence and negligent entrustment arising from personal injuries suffered in a motor vehicle accident involving his vehicle and a semi-tractor trailer driven by Pannell and owned by All Metals. *Id*. at 2–5. On February 21, 2018, Pannell, asserting federal question jurisdiction, removed the state court action to this Court "because plaintiff asserts violations of the Federal Motor Carrier Safety Regulations in his Complaint as grounds for recovery." Doc. #1 at 3.

On May 22, 2019, this Court, noting that "district courts have overwhelmingly held that a state court negligence claim premised on an FMCSR violation does *not* implicate federal question jurisdiction," ordered Pannell to show cause why this case should not be remanded for lack of jurisdiction. Doc. #39. Pannell responded to the order to show cause by arguing that federal question jurisdiction exists because Tucker's negligence and punitive damage claims are premised entirely on the claimed FMCSR violations. Doc. #41 at 3.

"Ordinarily, under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint. As a result, there is generally no federal question jurisdiction if the plaintiff properly pleads only a state law cause of action." *Ezell v. Kans. City S. Ry. Co.*, 866 F.3d 294, 297 n.2 (5th

Cir. 2017) (quotation marks, citations, and alterations omitted). However, federal question jurisdiction exists over a state law claim that "turn[s] on substantial questions of federal law …." *Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). To the extent Tucker's claims rely on violations of the FMCSR, there is no question the claims "turn on" questions of federal law. Accordingly, the Court must decide whether such questions are "substantial."

In determining substantiality, the Fifth Circuit has considered (1) whether Congress provided a private remedy for the violation of the relevant law; (2) whether the law "evinces any substantial federal interest in regulating" the relevant conduct; and (3) whether the "federal issue is predominantly one of fact" or law. *See Singh v. Duane Morris LLP*, 538 F.3d 334, 339 (5th Cir. 2008).

While the FMCSR arguably evinces a federal interest in regulating the conduct of motor carriers, neither the regulations nor the relevant statutes provide a private right of action for the type of personal injury claims at issue here. *See, e.g., Burkett v. SE Indep. Delivery Servs., Inc.*, No. 2:17-cv-786, 2018 WL 1093320, at *3 (M.D. Ala. Feb. 28, 2018); *Fochtman v. Rhino Energy, LLC*, No. 13-104, 2013 WL 5701468, at *2 (E.D. Ky. Oct. 17, 2013) (collecting authorities); *Bryant v. Benchmark Logistics, Inc.*, No. H-13-2205, 2014 WL 12607019, at *2 (S.D. Tex. Aug. 4, 2014).[1] Furthermore, there is nothing in the complaint's general allegations of negligence which suggests that this case involves anything other than questions of fact. Under these circumstances, the Court concludes Tucker's complaint does not raise a substantial question of federal law and, therefore, remand is required. Accordingly, this case is **REMANDED** to the

---

[1] The response cites *Marrier v. New Penn Motor Express, Inc.*, which found a private right of action against motor carriers for personal injuries. 140 F. Supp. 2d 326, 328–29 (D. Vt. 2001). In nearly twenty years, this holding has never been adopted by another court. *See Leon v. FedEx Ground Package Sys., Inc.*, No. 13-1005, 2016 WL 836980, at *11 (D.N.M. Feb. 16, 2016) ("Every other court to consider the issue has disagreed with [*Marrier*'s] interpretation of 49 U.S.C. § 14704(a)(2).").

2

Circuit Court of Lee County, Mississippi.

**SO ORDERED**, this 30th day of July, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**